UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON J. BEATTY, | ) |
|        Plaintiff, | ) |
| v. | ) Case No. JES-24-1188 |
| KATHERINE LEGGE, *et al.*, | ) |
|        Defendant. | ) |

# ORDER AND OPINION

Plaintiff Brandon J. Beatty, a non-prisoner, has filed a *pro se* Complaint under 42 U.S.C. § 1983 (Doc. 1), a motion to proceed *in forma pauperis* ("IFP") (Doc. 2), and a motion for recruitment of counsel. Doc. 3. For the reasons set forth below, the IFP motion is DENIED for failure to state a claim. Consequently, Plaintiff's remaining motions are denied as moot, and his Complaint is dismissed without prejudice.

The IFP statute, 28 U.S.C. §1915(a)(1), is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In cases asserted under 28 U.S.C. § 1915, district courts must "screen the case before granting the privilege to proceed without prepayment of fees." *United States v. Durham*, 922 F.3d 845, 846 (7th Cir. 2019) (citing 28 U.S.C. § 1915(e)(2)). The Court is to review the sufficiency of the complaint and deny IFP status if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. §1915(e)(2). Under this statute, district courts routinely dismiss complaints *sua sponte*. *See e.g.*, *Woods v. Maruchan, Inc.*, SMY-22-2933, 2023 WL 130456 (S.D. Ill. Jan. 9, 2023).

The Court has reviewed the IFP petition where Plaintiff attests that he receives $0 in monthly income, possesses damaged vehicles, has $100 in savings, and received an unspecified

amount of money as a gift or inheritance. Doc. 2 at 1-2. Plaintiff also avers that he has thousands of dollars of credit card debt and is responsible for supporting an individual named Braxton Beaty. *Id.* at 2. Finally, Plaintiff asserts that his mortgage is around $80,000 but that his mother takes care of it. *Id.* Given Plaintiff's limited monthly income and his debt, the Court finds Plaintiff has established indigency for purposes of IFP status. This finding is consistent with Judge McDade's recent ruling in *Beatty v. Peoria Cnty. Sheriff*, JBM-24-1136, Text Order (C.D. Ill. Apr. 9, 2024), where Plaintiff was found to have sufficiently established his allegation of poverty. The Court will now consider the sufficiency of the Complaint.

When evaluating whether a *pro se* plaintiff has stated a claim under § 1915(e)(2)(B)(ii), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *See Coleman v. Labor & Indus. Review Comm'n of Wisconsin*, 860 F.3d 461, 468 (7th Cir. 2017). Therefore, the court will take as true "'all well-pleaded allegations of the complaint'" and view them "'in the light most favorable to the plaintiff.'" *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013) (quoting *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). And, it is "especially [important] at the screening stage under § 1915(e)(2)[] to construe [a] pro se complaint liberally." *Nally v. Ghosh*, 799 F.3d 756, 759 (7th Cir. 2015) (Hamilton, J., concurring) (citations omitted).

To survive a motion to dismiss, the complaint must describe the claim in sufficient detail to put the defendant on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action.

2

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "allegations must be enough to raise a right to relief above the speculative level." *Hardimon v. American River Transp. Co., LLC*, 95 F.4th 1130, 1133 (7th Cir. 2024) (citation omitted).

Plaintiff alleges that at Carle Health he was illegally forced into a traffic stop and taken captive by hospital administrators. Doc. 1 at 6. During this time, he alleges that he was, *inter alia*, "made fun of," "harassed," and "left un-treated." *Id.* Plaintiff also alleges that he was "cyber attacked brutally" at the Peoria County Courthouse, and that a lawyer at the courthouse "strongly flirted" with his former significant other who then "disappeared." *Id.* He claims that this conduct resulted in numerous injuries, including a re-broken hip, "assisted suicidal psychology", and damage to his residence. *Id.* He seeks five billion dollars in compensatory damages. *Id.* at 7.

As a threshold matter, Plaintiff's Complaint fails because he names as defendants Stephanie Mitchell, Caitlyn Roberts, and Judge Katherine Legge without pleading any allegations against them. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff does not allege that any of the defendants were personally responsible for any of the conduct underlined in the Complaint allegations, they all must be dismissed from the case.

Furthermore, Plaintiff does not allege that defendants Stephanie Mitchell and Caitlyn Roberts, through their supposed employment at Carle Health or otherwise, are employed by the government. "When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). To

determine whether an employee of a private entity is acting under the color of state law, the court must find a "close nexus between the State and the challenged action that the challenged action may be fairly treated as that of the State itself." *Listecki v. Off. Comm. of Unsecured Creditors*, 780 F.3d 731, 738 (7th Cir. 2015) (citations omitted). Plaintiff does not allege that Mitchell and Roberts were acting under the color of state law, nor does he allege facts that would lead the Court to find that there was a close nexus between the State and the actions of Mitchell and Roberts. Thus, Plaintiff's claim against Mitchel and Roberts must fail to the extent it is raised under § 1983. Since there is no other jurisdictional basis for the Court to consider these claims, as they inherently sound under State tort law and the Parties are not sufficiently diverse under 28 U.S.C. § 1332, the Complaint must be dismissed as to Mitchell and Roberts.

Finally, even if Plaintiff had alleged that Judge Legge was personally responsible for the injurious conduct, she has absolute immunity from suit for claims arising from her judicial acts. *See Agrawal v. Pallmeyer*, 313 F. App'x. 866, 867 (7th Cir. 2009) (absolute immunity protects judges from the fear of future litigation brought by disgruntled litigants unhappy with judicial decision-making.); *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985) (denying on the basis of absolute judicial immunity, § 1983 claim asserted against state court judge). Moreover, if the Court were to charitably assume that it was Judge Legge who brutally cyber-attacked Plaintiff, this fantastical conduct would apparently not have been done in the scope of her employment. Judge Legge's "mere status" as a County Judge "does not render all of [her] acts under color of state law." *Gibson v. City of Chi.*, 910 F.2d 1510, 1516 (7th Cir. 1990). As a result, Plaintiff fails to sufficiently plead that Judge Legge was acting under color of state law for the purposes of establishing federal jurisdiction. And, because Plaintiff has not alleged facts sufficient to support

4

this Court's exercise of diversity jurisdiction over claims connected to Judge Legge, she must be dismissed from the Complaint.

In light of the foregoing, the IFP motion (Doc. 2) is DENIED as the Complaint fails to state a claim. Consequently, Plaintiff's request for counsel (Doc. 3) is DENIED as moot. Although it appears that Plaintiff may not state a claim under these facts, out of an abundance of caution, he will be given an opportunity to file an amended complaint within 30 days. If he fails to do so, his case will be dismissed with prejudice.

Signed on this 22nd day of May 2024.

*s/ James E. Shadid*
JAMES E. SHADID
United States District Judge
